1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

4

5

6

7

8

9

10

OLUJIMI AWABH BLAKENEY,

                              Plaintiff,

        v.

SUSAN KARR, SGT. BRASWELL,
CORRECTION OFFICER LARSON,
CRAIG ADAMS,

                              Defendants.

No. C13-5076 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

11

12

13

14

15

16

17

        On February 1, 2013, Plaintiff filed a civil rights complaint.  ECF No. 5.  Plaintiff

purports to sue various employees of the Pierce County Detention Center (PCDC) relating to the

handling of his mail.  *Id.*  Plaintiff alleges that he was booked into the PCDC in February 2011,

and that during his stay there, his mail was returned without his knowledge or ability to object to

the mail rejections.  *Id.*, p. 5.  Plaintiff states that he did not file a grievance relating to the facts

of his complaint because he is "no longer at Pierce County Jail."  *Id.*, p. 2.

18

19

        The Court declines to serve this complaint because it is deficient.  However, Plaintiff will

be given an opportunity to show cause why the complaint should not be dismissed.

20

**DISCUSSION**

21

22

23

24

25

26

        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a

ORDER TO AMEND OR SHOW CAUSE- 1

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).   A complaint is legally frivolous when it

lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v.*

*Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

In determining whether a complaint states a claim, the Court looks to the pleading

standard under Federal Rule of Civil Procedure 8(a).  Under 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)

(citing *Bell Atlantic*, 550 U.S. at 555).   Although complaints are to be liberally construed in a

plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted

inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at

471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative

remedies before bringing a § 1983 claim.  42 U.S.C. § 1997e(a); *Griffin*, at 1119.  To effectively

exhaust his administrative remedies, an inmate must use all the formal steps of the prison

grievance process.  *Id*.  Because the purpose of exhaustion is to give prison administrators a

chance to resolve the issues, the inmate must exhaust each of his claims through grievances

containing enough factual specificity to notify officials of the alleged harm.  *Id.* at 1120.  If an

inmate fails to adequately exhaust his administrative remedies on a claim, that claim must be

dismissed pursuant to an unenumerated Fed. R. Civ. P. 12(b) motion.  *Wyatt*, at 1119-20.  When

ORDER TO AMEND OR SHOW CAUSE- 2

considering whether to dismiss a complaint for failure to exhaust administrative remedies, the

court may look outside the pleadings to determine whether the issue has been exhausted and may

decide disputed issues of fact.  *Id.*

In his complaint, Plaintiff alleges conduct that occurred in 2011, but states that he did not

file a grievance because he is no longer incarcerated at the PCDC.  ECF No. 5, p. 2. Plaintiff

does not state why he did not file a grievance at the time the conduct occurred and he was,

presumably, still incarcerated at the PDCC.  Plaintiff is advised that an affirmative defense, such

as failure to exhaust administrative remedies, may be grounds for dismissal for failure to state a

claim when it is clear from the face of the complaint that such exhaustion has not been

accomplished.  *See Jones v. Bock*, 127 S.Ct. at 921, citing with approval, *Leveto v. Lapina*, 258

F.3d 156, 161 (3rd Cir.2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6)

when an affirmative defense ... appears on its face" (internal quotation marks omitted)).  *See also*

*Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir.2003) (indicating that *sua sponte* dismissal may be

appropriate where the record is clear that prisoner conceded nonexhaustion).

### CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff

may show cause explaining why this matter should not be dismissed no later than **March 1,**

**2013.**  If Plaintiff fails to do so, this Court will recommend that Plaintiff's complaint be

dismissed.

**DATED** this ___12th___ day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 3