UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLUJIMI AWABH BLAKENEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>SUSAN KARR, SGT. BRASWELL, C/O LARSON, CRAIG ADAMS,<br><br>                    Defendants. | No. C13-5076 BHS/KLS<br><br>ORDER DENYING MOTION TO AMEND |

Before the Court is Plaintiff's motion to amend.  ECF No. 18.  Plaintiff's seeks to amend the Statement of Claims portion of his Amended Complaint (ECF No. 8) to state that "Plaintiff claims that defendants acted under color of State law with deliberate indifference to his constitutional right."  ECF No. 18.

**DISCUSSION**

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed 'for abuse of discretion and in light of the strong public policy permitting amendment.'"  *Bonin v. Calderon*, 59 F.3d at 845, *quoting Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993).  A district court may take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004), *quoting Bonin*, 59 F.3d at 845.

ORDER - 1

Mr. Blakeney did not submit a proposed amended complaint for the Court's review. In his motion, Mr. Blakeney states that he wishes to add to the statement of claims portion of his Amended Complaint (ECF No. 8), that "Plaintiff claims that defendants acted under color of State law with deliberate indifference to his constitutional right." ECF No. 18.

The Court finds that the amendment as proposed is not necessary for a proper adjudication of Plaintiff's claims. Liberally construed, the Amended Complaint alleges that Defendants are employees of the Pierce County Detention and Correctional Center and that they violated Plaintiff's constitutional rights in the course of their employment. "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir.1999). As long as defendants were "acting, purporting, or pretending to act in the performance of [their] official duties," color of law is present. *McDade*, 223 F.3d at 1140.

Accordingly, it is **ORDERED:**

(1)  Plaintiff's motion to amend (ECF No. 18) is **DENIED**.

(2)  The Clerk is directed to send a copy of this Order to Plaintiff.

**DATED** this   2nd   day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2