UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLUJIMI AWABH BLAKENEY,<br><br>                Plaintiff,<br><br>  v.<br><br>SUSAN KARR, SGT. BRASWELL, C/O LARSON, CRAIG ADAMS,<br><br>              Defendants. | No. C13-5076 BHS/KLS<br><br>ORDER GRANTING IN PART/DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES |

Before the Court is Plaintiff's motion to strike all the affirmative defenses contained in the Answer to Amended Complaint of Defendants Braswell, Karr, and Larson. ECF No. 24. The affirmative defenses included in the Defendants' answer are: (1) failure to state a claim; (2) immunity from claims expressly premised on derivative and/or respondeat superior liability; (3) qualified immunity; (4) failure to exhaust administrative remedies; and (5) failure to mitigate damages. Defendants also reserved the right to amend their answer. ECF No. 19. Defendant Adams has not yet filed an answer to the Amended Complaint but instead, filed a motion to dismiss for failure to state a claim. ECF No. 20. That motion remains pending at this time.

**DISCUSSION**

Under Fed.R.Civ.P. 12(f), "the court may strike from a pleading an insufficient defense." Motions to strike affirmative defenses are generally disfavored, but the court may strike defenses that fail to comply with the pleading requirements of Fed.R.Civ.P. 8(a) or are redundant of matters raised in the defendant's denial. *Reynolds v. S.R.G. Restaurant Group*, 119 F.Supp.2d

ORDER - 1

800, 802 (N.D.Ill.2000). Furthermore, affirmative defenses must meet the standards of Fed.R.Civ.P. 12(b)(6). Thus, when viewed in the light most favorable to the pleader, if the affirmative defense fails to state a claim upon which relief can be granted, it shall be dismissed. *Id*.

"An affirmative defense raises matters extraneous to the plaintiff's prima facie case; as such, they are derived from the common law plea of 'confession and avoidance.'" *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir.1986) (*quoting* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1270, at 289 (1969)). Affirmative defenses generally do not include defenses that negate an element of a plaintiff's prima facie case. *Id*. (*citing* 2A J. Moore & J. Lucas, Moore's Federal Practice ¶¶ 8.27[1], 8.27[4] (2d ed.1985)). Thus, a claim that a plaintiff has failed to state a claim for which relief can be granted is not viewed as a proper affirmative defense. *See e.g., J & J Sports Prods., Inc. v. Romero*, 2012 WL 2317566, at *4 (E.D.Cal. June 18, 2012) ("failure to state a claim [is] an impermissible affirmative defense"); *Botell v. United States*, 2012 WL 1027270, at *2 (E.D.Cal. Mar.26, 2012) (same); *J & J Sports Prods., Inc. v. Delgado ("Delgado")*, 2011 WL 219594, at *2 (E.D.Cal. Jan.19, 2011) (same); *Joe Hand Promotions, Inc. v. Estrada*, 2011 WL 2413257, at *2 (E.D.Cal. June 7, 2011) (same).

Plaintiff argues that each of the affirmative defenses raised by Defendants Braswell, Karr, and Larson should be stricken because his Amended Complaint contains language that disputes each defense. This is not, however, a valid basis for striking Defendants' affirmative defenses 2 through 5. Immunity, failure to exhaust, and failure to mitigate are typical "avoidance" defenses that are extraneous to Plaintiff's prima facie case. At this stage in the litigation, Defendants need only assert these affirmative defenses to put Plaintiff on notice that Defendants will dispute Plaintiff's right to recover damages against them because they are immune, Plaintiff has failed to

ORDER - 2

exhaust his remedies, and/or his damages should be reduced because he has failed to mitigate. However, as noted above, denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses. Defendants' first affirmative defense (failure to state a claim) adds no additional information beyond Defendants' general denial of Plaintiff's allegations. Therefore, Defendants' first affirmative defense shall be stricken as redundant.

. Accordingly, it is **ORDERED:**

1) Plaintiff's motion to strike (ECF No. 24) is **GRANTED in part.** Affirmative Defense No. 1 (failure to state a claim) contained in the Answer of Defendant Braswell, Karr, and Larson (ECF No. 19) **is stricken.** The remainder of Plaintiff's motion to strike (ECF No. 24) is **DENIED.**

2) The Clerk is directed to send a copy of this Order to Plaintiff.

**DATED** this  5th  day of June, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3