1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

7

8

9

10

11

| OLUJIMI AWABH BLAKENEY, | No. C13-5076 BHS/KLS |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | **Noted for:  July 5, 2013** |
| SUSAN KARR, SGT. BRASWELL, C/O LARSON, CRAIG ADAMS, | |
| Defendant. | |

12

13

14

15

Before the Court is the Motion to Dismiss of Defendant Craig Adams pursuant to Fed.R.Civ.P. 12(b)(6).  ECF No. 20.  Mr. Blakeney filed his response (ECF No. 25) and Defendant Adams filed a reply (ECF No. 27).  Having carefully considered the motion and balance of the record, the Court recommends that Defendant Adams' motion be granted.

16

**BACKGROUND**

17

18

19

20

21

22

23

24

25

Mr. Blakeney, who is presently an inmate at the Washington State Penitentiary, alleges that when he was detained at the Pierce County Detention and Corrections Center (PCDCC), his incoming mail was returned to the sender without notice to him or to the sender and that he was not given an opportunity to appeal the mail rejection.  Mr. Blakeney alleges that Defendant Adams "is the PCDCC Legal Advisor, who's [sic] job it is to make certain jail policy is in conformance with the United States Constitution…."  ECF No. 8, § 8.  Based on this allegation, Mr. Blakeney contends that "Defendant Adams violated his First, Fifth and Fourteenth

26

REPORT AND RECOMMENDATION - 1

Amendment rights to freedom of expression and due process when he knew or should have known of these violations by jail policy and failed to so advise Defendant Karr." *Id.*, § 16.

In response to Defendant Adams' motion to dismiss, Mr. Blakeney provides matters outside of his Amended Complaint. Attached to his responsive brief is a declaration and attachments of another inmate, Charles Farnsworth. ECF No. 25, pp. 6-8. These materials are extraneous and have been excluded from consideration of this matter. *See Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir.1997).

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of*

REPORT AND RECOMMENDATION - 2

*University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations.  *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also, Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. §1983).

## DISCUSSION

To state a claim under 42 U.S.C. §1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981).  Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Mr. Blakeney asserts that it is Defendant Adams' job to advise jail personnel that their policies or conduct is unconstitutional.  The prosecuting attorney shall "[b]e *legal adviser* to all county . . . officers. . . . in all matters relating to their official business . . . ."  RCW 36.27.020(2) (emphasis added).  Mr. Blakeney alleges that Defendant Adams "failed to …. advise Defendant Karr" of the unconstitutionality of the mail policy and that this alleged failure violated his constitutional rights.  However, liability under § 1983 arises upon a showing of personal participation by the defendant.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).  Mere negligence on the part of government officials is insufficient to establish liability under § 1983.

REPORT AND RECOMMENDATION - 3

1    *See Daniels v. Williams*, 474 U.S. 327, 330-32, 106 S.Ct. 662, 664-65, 88 L.Ed.2d 662 (1986);

2    *Davidson v. Cannon*, 474 U.S 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

3        Mr. Blakeney's reliance on *Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007) for his

4  theory of supervisory liability is misplaced.  *Hydrick* involved a class of civilly committed

5  persons in a sexually violent predator facility alleging that the conditions of their confinement

6  violated their constitutional rights.  The 2007 *Hydrick* decision on which Mr. Blakeney relies

7  was vacated by the United States Supreme Court in *Hydrick v. Hunter*, ___ U.S. ___, 129 S.Ct.

8  2431, 174 L.Ed.2d 226 (2009).  On remand, the plaintiffs were found to have pleaded

9  insufficient facts to establish "plausible" claims against the defendants.  The plaintiffs plead only

10  that the defendants were liable for their own conduct because they created policies and

11  procedures that violated the plaintiffs' rights and that they were deliberately indifferent to those

12  constitutional violations.  The Ninth Circuit found that the complaint was based on "conclusory

13  allegations and generalities, without any allegation of the specific wrong-doing by each

14  Defendant."  *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012).

15        Even assuming all the facts stated by Mr. Blakeney are true, he has failed to state a claim

16  against Defendant Adams under 28 U.S.C. § 1983.  He has failed to allege specific wrong-doing

17  by Defendant Adams.  See *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978) (to be liable for

18  "causing" the deprivation of a constitutional right, the particular defendant must commit an

19  affirmative act, or omit to perform an act, that he or she is legally required to do, and which

20  causes the plaintiff's deprivation.)  In addition, Mr. Blakeney provides no authority for the novel

21  proposition that an attorney who provides legal advice to a corrections facility can be held

22  personally liable under § 1983 to every inmate in the facility for any perceived failure to provide

23  legal advice.

REPORT AND RECOMMENDATION - 4

Mr. Blakeney's complaint contains no allegations concerning Defendant Adams' conduct that could be construed as a constitutional violation nor has he identified any amendment that could overcome the deficiencies of his legal claim against defendant Adams.  Thus, leave to amend need not be granted as it would be futile.  *Bowles v. Reade,* 198 F.3d 752, 757-58 (9th Cir. 1999).   Therefore, the undersigned recommends that his claims against Defendant Adams be dismissed without leave to amend.

### CONCLUSION

The undersigned recommends that Defendant Adams' motion to dismiss (ECF No. 20) be **Granted** and Plaintiff's claims against Defendant Adams be **dismissed with prejudice** for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 5, 2013**, as noted in the caption.

**DATED** this  17th  day of June, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5