UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OLUJIMI AWABH BLAKENEY,

          Plaintiff,

v.

SUSAN KARR, et al.,

          Defendants.

CASE NO. C13-5076 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 47), and Plaintiff Olujimi Awabh Blakeney's ("Blakeney") objections to the R&R (Dkt. 48).

**I.    PROCEDURAL & FACTUAL BACKGROUND**

On August 6, 2013, Defendants filed their Motion for Summary Judgment which was noted for September 6, 2013. Dkt. 35. On August 23, 2013, Blakeney filed a Motion for Extension of Time until September 23, 2013 to respond. Dkt. 38. On September 4, 2013, Blakeney's request was granted. Dkt. 39. On September 23, 2013, Blakeney filed a second motion for extension of time. Dkt. 40. On October 4, 2013, by separate order, Magistrate Judge Karen Strombom, denied Blakeney's second motion to extend his

deadline to respond to Defendants' motion for summary judgment. Dkt. 46. On September 23, 2013, Blakeney filed motions to join additional claims (Dkt. 42) and to join additional defendants (Dkt. 43).

On October 4, 2013, Judge Strombom issued an R&R granting Defendants' motion for summary judgment because Blakeney failed to exhaust his administrative remedies. Dkt. 47. The Court did not reach Defendant' alternative substantive grounds for dismissal, finding that once determined that a suit filed by a prisoner must be dismissed for failure to exhaust, a district court lacks discretion to resolve those claims on the merits. In addition, Blakeney's motions to join claims and parties (Dkts. 42 and 43) were denied as moot.

On October 21, 2013, Blakeney filed objections to Judge Strombom's R&R. Dkt. 48. On the same day, he also filed a response to Defendants' motion for summary judgment and a cross-motion for summary judgment. Dkt. 49. On October 24, 2013, Defendants filed reply to Blakeney's objections and a motion to strike his response to Defendants motion for summary judgment. Dkt. 50.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Blakeney's response does not challenge specific findings in Judge Strombom's R&R. *See* Dkt. 48. Instead, he challenges her prior to decision not allow him a second

1 extension of time to respond to Defendants' motion for summary judgment as well as
2 consequences of the Judge Strombom's conclusion that he failed to exhaust his
3 administrative remedies, i.e. dismissal of the action without prejudice as well the
4 mootness of his motions to join claim and parties. *Id.* at 1.

5      Judge Strombom granted Blakeney's first request for additional time to respond.
6 Dkt. 39.  However, she denied his second request, which was within her discretion to do.
7 Blakeney failed to timely respond to the R&R, and based on the record properly before
8 her, Judge Strombom correctly determined that under the Prison Litigation Reform Act,
9 Blakeney was required to exhaust all administrative remedies before bringing a 42 U.S.C.
10 § 1983 action, specifically the formal steps in the grievance process.  Dkt. 47 at 7-8
11 (*citing* 42 U.S.C. § 1997(e) (citation omitted)). Despite his claims to the contrary,
12 because the record indicated that Blakeney failed exhaust his administrative remedies,
13 Judge Strombom properly dismissed his claims without prejudice for failure to exhaust,
14 rendering the remaining motions (Dkts. 42 and 43) moot. *See Wyatt v. Terhune*, 315 F.
15 3d 1108 1119-20 (9th Cir. 2003).

16      Consistent with Judge Strombom's R&R, the Court finds untimely Blakeney's
17 response to Defendant's summary judgment motion and cross-motion (Dkt. 49). Fed. R.
18 Civ. P. 7(d)(3) (requiring any opposition papers to be filed and served not later than the
19 Monday before the noting date). Blakeney, who was indeed given an extension,
20 ultimately failed to timely respond after the extension was given.  He offers no reason
21 which would sufficiently justify his delinquent response and motion; he merely indicates
22 that he needed more time.  Thus, to the extent Blakeney presents his response and cross-

motion as part of his objections to the R&R, the Court finds it improper and strikes the response and cross motion as untimely. Fed. R. Civ. P. 7(d)(3).

### III. ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The Blakeney's response to Defendants' motion for summary judgment and cross-motion for summary judgment (Dkt. 49) is stricken; and

(3) This action is **DISMISSED without prejudice**.

Dated this 13th day of November, 2013.

BENJAMIN H. SETTLE
United States District Judge